# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:18CV-P72-JHM

**TERRY LEE CAMERON**                                                                                                      **PLAINTIFF**

**v.**

**STATE OF KENTUCKY** *et al.*                                                                         **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Terry Lee Cameron filed the instant *pro se* action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff, currently incarcerated at the McCreary U.S. Penitentiary, is a former inmate at the Henderson County Detention Center (HCDC). In the original complaint, he sues the State of Kentucky and the HCDC. After being ordered to file his complaint on the Court-approved § 1983/*Bivens* form, Plaintiff named the following Defendants: "Federal Beuro of Prisons"; State of Kentucky; HCDC; Amy Brady and Ron Herrington, both of whom he identifies as Jailer of the HCDC; and the responding "Kitchen Officer" and the responding "Medical Officer." He sues each of the individually named Defendants in their individual and official capacities.

In the original complaint, Plaintiff stated as follows:

Medical Staff and Amy Brady an employee of the defendant did knowingly and without care for my health administer far too much insulin and the wrong kind of insulin as well as disregaurd my more than 31 grievances all of which made my complaints over their treatment of me more than clear. This took place from when I got to the [HCDC] . . . till I left the place from May of 2017 to March 2018. I believe the actions of the defendant that me injury were done with the profit of the investee's of the [HCDC] in mind.

In the amended complaint, Plaintiff states the following:

> The following people of the F.B.P. [HCDC] violated federal laws in the performance of their duties which caused me undue harm by making me physically sick due to lack of proper med treatment and proper diet to maintain good health with my diabetic condition. Amy Brady (Jailer) Ron Herrington (Jailer) Responding kitchen officer and Responding medical officer of the [HCDC].
>
> . . .
>
> Please know that I was forced obey medical staff order or face inhouse punishment ie: solitary confinement. Med Staff purposely administered 3600+ to many units of insulin over a 10 mo period and kitchen staff purposely deprived me of proper diet to keep my blood sugar levels at acceptable norms for a period of 10 mo. Two days after I proved inulin exp date was exceeded I was transferred to different facility.

In both the original and amended complaint, Plaintiff lists numerous requisition forms and grievances by their numbers, which he states prove his case. In the amended complaint, he states that one of these grievances was stolen from his records, but he states that it "pointed out that the insulin I was receiving was out dated according to exp date on bottle."

As relief, Plaintiff seeks compensatory and punitive dates damages and injunctive relief in the form of "full redress of accused."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Federal Bureau of Prisons (BOP)*

Plaintiff's claims against the BOP are brought under *Bivens v. Six Unknown Fed. Narcotics Agents*. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages *against federal officers* alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added). Therefore, a "prisoner may not bring a *Bivens* claim against [an] officer's employer, the United States, or the BOP." *Id*. at 72; *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Okoro cannot pursue a *Bivens* claim against the BOP because such a claim may not be brought against a federal agency.") (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994)).

Therefore, Plaintiff's claim against the BOP must be dismissed for failure to state a claim upon which relief may be granted.

#### B. *Commonwealth of Kentucky*

Plaintiff's claims against the Commonwealth of Kentucky are brought under § 1983. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the Commonwealth of Kentucky is not a "person" under § 1983, and Plaintiff cannot state a cognizable claim against it.

4

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the Commonwealth of Kentucky. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Therefore, the Commonwealth of Kentucky is immune from claims seeking all relief.

Accordingly, Plaintiff's claims against the Commonwealth of Kentucky will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

## C. Remaining defendants

### 1. Deliberate indifference

The Court construes Plaintiff's allegations concerning the administration of his medication and denial of a diabetic diet as asserting claims of deliberate indifference to his serious medical needs. While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the Sixth Circuit has recognized only

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

5

one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. The exception applies only to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate indifference to a serious medical need claim brought by a pretrial detainee).

A claim of deliberate indifference under the Eighth/Fourteenth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when

some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Thus, a difference in medical judgment between an inmate and prison medical personnel regarding the appropriate diagnosis or treatment is not enough to state a deliberate indifference claim. *Ward v. Smith*, No. 95-6666, 1996 U.S. App. LEXIS 28322, at *2 (6th Cir. Oct. 29, 1996).

It is evident that Plaintiff was receiving treatment for his diabetes in the form of regular insulin shots. Plaintiff disagrees with the dosage he received. His allegations concerning his insulin dosage amount to a difference of opinion over the adequacy of the treatment he is receiving. The Court will not second guess the judgment made by the jail's medical staff. *See Westlake*, 537 F.2d at 860 n.5. Therefore, Plaintiff's allegations concerning the insulin dosage are not sufficient to give rise to a deliberate indifference claim.

Moreover, with regard to Plaintiff's allegations that he was given insulin that had expired, Plaintiff does not allege that any Defendant intentionally dispensed expired medication to him. The Court finds that, at most, Plaintiff alleges negligence in the administration (or mis-administration) of his medicine. Once again, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. at 835 (citation omitted). Plaintiff does not allege that the mistake resulted from anything other than lack of ordinary care or inadvertence. *See Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which

does not rise to the level of a constitutional violation.") (internal quotation marks omitted). Plaintiff has, therefore, failed to establish a "sufficiently culpable state of mind" to give rise to a deliberate indifference claim, and these claims must be dismissed.

Furthermore, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks*, 22 F.3d at 659; *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In interpreting this statute, courts have required that a prisoner have suffered an injury that is more than *de minimis*; injuries that are merely *de minimis* do not satisfy the requirement of § 1997e(e). *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Plaintiff alleges that Defendants' actions caused him to be "physically sick." The complaint contains no other facts concerning any physical injury Plaintiff may have suffered. The Court finds that Plaintiff's allegation that he was "physically sick" is vague and not sufficient to show that he suffered from anything more than a *de minimis* injury. *See Spellman v. Gonzales*, NO. 1:11-cv-00779-BAM PC, 2012 U.S. Dist. LEXIS 53934, *8 (E.D. Cal. Apr. 17, 2012) (finding that although diabetic inmate "alleges that he suffered from shaking, sweating, dizziness, and physical pain, the injuries Plaintiff complained of are *de minimis*, and do not constitute 'the wanton and unnecessary infliction of pain.'") (quoting *Rhodes v. Chapman*, 452

U.S. 337, 347 (1981); *see also Whitsett v. Newcombe*, No. C 99-5461 WHA PR, 2000 U.S. Dist. LEXIS 2357, at *3 (N.D. Cal. Feb. 24, 2000) (failing to provide diabetic inmate a meal which resulted in headache, shaking, and inmate falling to ground due to low blood sugar does not state an injury that is more than *de minimis*). Therefore, Plaintiff's complaint fails to state sufficient facts to show that Plaintiff suffered a non-*de minimis* physical injury as a result of any of Defendants' actions.

Accordingly, Plaintiff's deliberate indifference claims based on the administration of his medicine and denial of a diabetic diet against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

   2.     *Grievance handling*

To the extent that Plaintiff is also asserting claims based on any Defendant's handling of his grievances, such a claim must also be dismissed. A prisoner does not state a constitutional claim based on the handling of his grievances. A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's claims against all Defendants concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### *3. Retaliation*

In the last sentence of Plaintiff's statement-of-claims portion of his amended complaint, Plaintiff states, "Two days after I proved insulin exp date was exceeded I was transferred to different facility." While it is not clear, Plaintiff may be attempting to assert a retaliation claim based on the transfer. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394).

With regard to the second element, generally, "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights," *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003)), and because "transfer is merely an ordinary incident of prison life." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011). While the Sixth Circuit has recognized exceptions in certain cases, *see Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005), none of those apply here based on Plaintiff's scant allegations related to this claim.

Accordingly, any retaliation claim must be dismissed against all Defendants for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted and will dismiss this action by separate Order.

Date: November 30, 2018

*Joseph H. McKinley Jr., District Judge*
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.010